UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

APRINTESS WILLIAMS,

Plaintiff,

v.

STATE OF NEVADA et al.,

Defendants.

Case No. 2:16-cv-02319-RFB-PAL

SCREENING ORDER

Plaintiff, a former prisoner of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* for non-prisoners and two motions requesting a referral to the pro bono pilot program. (ECF No. 1, 1-1, 6, 7). The Court now addresses Plaintiff's application to proceed *in forma pauperis* for non-prisoners, screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915, and addresses the motions.

I. ***IN FORMA PAUPERIS* APPLICATION**

Based on the financial information provided in the application to proceed *in forma pauperis* for non-prisoners, Plaintiff is unable to pay the filing fee in this matter. (*See* ECF No. 1). The Court now grants the application.

II. **SCREENING STANDARD**

"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues Defendants State of Nevada and the Nevada Department of Corrections for events that took place while Plaintiff was incarcerated at the Wells Conservation Camp ("WCC") and Ely State Prison ("ESP"). (ECF No. 1-1 at 1-2). Plaintiff appears to allege one count and seeks monetary damages. (*Id.* at 2-4).

The complaint alleges the following: On May 8, 2015, while at WCC, Plaintiff filed an emergency grievance. (*Id.* at 2). Prison officials told Plaintiff that there was no dental program for inmates in the State of Nevada's custody and that he needed to be transferred. (*Id.*) Prison officials told Plaintiff that they were putting him on a list and that he would be provided Tylenol until he reached the top of the list for dental services. (*Id.*) Due to the level of pain and discomfort he experienced, he started the grievance process a week later. (*Id.*) Plaintiff was unable to sleep or eat due to the bad tooth. (*Id.*) On May 19, 2016, Plaintiff transferred to ESP for a "non-related incident." (*Id.*)

At ESP, Plaintiff was under the assumption that he would have dental care. (*Id.*) When Plaintiff notified ESP intake about his dental condition, prison officials told him that ESP did not have a dental program and that he would be put on a waiting list. (*Id.*) The NDOC "refused Plaintiff access to write letters" with respect to the dental program request. (*Id.*)

On May 29, 2015 the NDOC permitted Plaintiff to submit a letter informing his caseworker about his worsening condition and his need for immediate medical attention. (*Id.*) On June 5, 2015, Plaintiff sent a letter to ESP's warden informing the warden of Plaintiff's medical condition. (*Id.* at 3). On June 10, 2015, NDOC medical staff checked Plaintiff's blood pressure and prescribed Tylenol for the pain. (*Id.*) On June 12, 2015, Plaintiff blacked out from a migraine headache caused by his bad tooth. (*Id.*) A prison

guard found Plaintiff passed out on the cell floor. (*Id.*) On June 15, 2015, Plaintiff submitted another emergency grievance for blurred vision, ringing in his ears, blacking out, and for the migraines he was experiencing. (*Id.*) On June 23, 2015, the NDOC refilled Plaintiff's Tylenol prescription and stated that medical could not help Plaintiff with his dental situation. (*Id.*) Plaintiff suffered in extreme pain for 90-plus days before the NDOC released him from custody on July 10, 2015. (*Id.*) Plaintiff never received dental services. (*Id.*)

The Court interprets Plaintiff's allegations as a claim for Eighth Amendment deliberate indifference to serious dental needs claim. The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)

(holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference"). Prisoners can establish an Eighth Amendment violation with respect to dental care if they can prove that there has been a deliberate indifference to their serious dental needs. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989).

As an initial matter, the Court notes that Plaintiff cannot sue Defendants State of Nevada or the NDOC. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983); *see Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature").

The Court finds that Plaintiff could potentially state a colorable claim for deliberate indifference to serious dental needs. However, Plaintiff needs to identify the specific prison officials who violated his rights. In this case, Plaintiff should identify the prison officials who he grieved to about his tooth pain and identify the prison officials who responded to his grievances and continued to delay treatment.

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this

///

Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action shall be dismissed, with prejudice, for failure to state a claim.

**IV.     MOTIONS FOR REFERRAL TO PRO BONO PROGRAM**

Plaintiff seeks a referral to the pro bono pilot program because he is proceeding *in forma pauperis* and cannot afford an attorney. (ECF No. 6 at 1; ECF No. 7). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* A referral to the pro bono program is essentially a directive to appointment counsel. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. As such, the Court denies the request for a referral to the pro bono program.

**V.     CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* for non-prisoners (ECF No. 1) is granted. Plaintiff herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or

/ / /

the giving of security therefor.  This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that the Clerk of the Court shall file the complaint (ECF No. 1-1).

It is further ordered that the complaint is dismissed in its entirety, without prejudice, with leave to amend.

It is further ordered that the motions for referral to pro bono pilot program (ECF No. 6, 7) are denied.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).  If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action shall be dismissed, with prejudice, for failure to state a claim.

DATED THIS  26th day of September, 2017.

UNITED STATES MAGISTRATE JUDGE