UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| APRINTESS WILLIAMS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEVADA et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:16-cv-02319-RFB-PAL<br><br>ORDER |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former state prisoner. On September 26, 2017, the Court issued an order dismissing the complaint with leave to amend and directed Plaintiff to file an amended complaint within thirty days. (ECF No. 9 at 7). The thirty-day period has now expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring

1  *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833
2  F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson*
3  *v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and
4  failure to comply with local rules).

5      In determining whether to dismiss an action for lack of prosecution, failure to obey
6  a court order, or failure to comply with local rules, the court must consider several factors:
7  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
8  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
9  disposition of cases on their merits; and (5) the availability of less drastic alternatives.
10 *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;
11 *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

12     In the instant case, the Court finds that the first two factors, the public's interest in
13 expeditiously resolving this litigation and the Court's interest in managing the docket,
14 weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs
15 in favor of dismissal, since a presumption of injury arises from the occurrence of
16 unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See*
17 *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy
18 favoring disposition of cases on their merits – is greatly outweighed by the factors in favor
19 of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey
20 the court's order will result in dismissal satisfies the "consideration of alternatives"
21 requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779
22 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint within
23 thirty days expressly stated: "It is further ordered that, if Plaintiff fails to file an amended
24 complaint curing the deficiencies outlined in this order, this action shall be dismissed, with
25 prejudice, for failure to state a claim." (ECF No. 9 at 7). Thus, Plaintiff had adequate
26 warning that dismissal would result from his noncompliance with the Court's order to file
27 an amended complaint within thirty days.
28 . . .

**It is therefore ordered** that this action is dismissed with prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's September 26, 2017, order and for failure to state a claim.

**It is further ordered** that the Clerk of Court shall enter judgment accordingly.

DATED THIS 7th day of November, 2017.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE